UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE RIVERA,

                        Petitioner,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                        Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 9, 2015

**ORDER**

13 Civ. 7150 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Enrique Rivera challenges the final decision of the Commissioner of Social Security denying his May 16, 2011 application for Supplemental Security Income ("SSI") benefits. Petitioner's application was denied on the grounds that he had not demonstrated that he was disabled within the meaning of the Social Security Act. (Dkt. No. 2, ¶ 6) Rivera seeks an order modifying "the decision of the [D]efendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to [him], retroactive to the date of the initial disability, or in the alternative, [a] remand to the Commissioner of Social Security for reconsideration of the evidence[.]" (Id., "Prayer for Relief") On October 24, 2013, this Court referred this case to the Honorable Henry B. Pitman, United States Magistrate Judge. (Dkt. No. 3) The parties subsequently filed cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. Nos. 10, 14)

        On December 17, 2014, Judge Pitman issued a Report and Recommendation ("R & R") recommending that the Commissioner's motion be denied and that the Petitioner's motion be granted to the extent that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 3405(g). (R & R (Dkt. No. 17)) The R & R notifies the parties that they

have fourteen days from service of the R & R to file any objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 42) The R & R further states that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW." (Id.) (emphasis in original) Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) ("a party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object"); (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because this rule is non-jurisdictional, and because "its violation may be excused in the interests of justice[,]" DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendation. Wingate v. Bloomberg, No. 11 Civ.

2

188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee's note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

A claimant is entitled to SSI benefits where he or she has demonstrated an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Claims for SSI benefits are subject to a five-step analytical framework set forth in the applicable regulations. See 20 C.F.R. § 416.920(a)(4)(i)-(v).

Here, at steps one, two, and three, the Administrative Law Judge ("ALJ") found that Petitioner had not engaged in any substantial gainful activity since April 25, 2011; that Petitioner suffered from several severe impairments, including bipolar disorder, anxiety, depression, and cognitive disorder; and that Petitioner did not have impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, subpart P, Appendix 1. (R & R (Dkt. No. 17) at 23 (citing Admin. Rec. 18)) At step four, the ALJ found that Petitioner's residual functional capacity ("RFC") encompassed the

> "full range of work at all exertional levels but with the following non-exertional limitations: avoid all exposure to hazardous machinery and unprotected heights; permitted to be . . . 5% off task, in addition to regularly scheduled breaks; one excused absence per month; limited to simple, routine and repetitive tasks; occasional interaction with the general public; and occasional interaction with co-workers, including supervisors. . . ."

(Id. at 24 (quoting Admin. Rec. 19)) At step five, the ALJ found that there are jobs that Petitioner could perform in the national economy, and that these jobs exist in significant numbers

3

in the national economy. (Id. at 26 (citing Admin. Rec. 22)) In reaching these conclusions, the ALJ relied in part on a vocational expert, who testified that an individual with Petitioner's RFC, age, education, and work experience would be able to perform the work of a laundry bagger, cafeteria attendant or addresser. (Id. at 26 (citing Admin. Rec. 22)) Accordingly, the ALJ found Petitioner not disabled within the meaning of the Social Security Act. (Id.)

In his detailed R & R, Judge Pitman carefully analyzes the medical evidence concerning Petitioner's history of psychiatric disorders as well as the ALJ's reasoning. Judge Pitman concludes that the ALJ's decision suffers from a number of flaws that require a remand.

Judge Pitman notes that at step three of the analysis, the ALJ determined that Petitioner "did not meet the Paragraph C Criteria for Mental Disorders because he had no recent episodes of decompensation, had no residual disease process that would preclude increased mental demands, and . . . was able to function outside a highly supportive living environment." (Id. at 24 (citing Admin. Rec. 19) With respect to the last factor – ability to function outside a highly supportive living environment – Judge Pitman notes that the ALJ provides no explanation for his conclusion, which is inconsistent with certain evidence in the record, including the fact that Petitioner has spent thirty months in a residential mental health treatment facility, reports regarding the support Petitioner receives in that facility, and physician opinions regarding Petitioner's continued need for intensive psychological treatment. (Id. at 29-30)

Judge Pitman also notes that the ALJ gave "little weight" to opinions offered by Petitioner's treating nurse practitioner ("N.P.") concerning his mental limitations. (Id. at 34 (citing Admin. Rec. 21)) N.P. Jieun Jung – who treated Petitioner regularly for several years (see id. at 7; see also Admin. Rec. 244, 298-303, 306-13, 315-18) – opined that Petitioner would not be able to hold a job beyond a few months because of arguments with co-workers and

supervisors. (Id. at 9 (citing Admin. Rec. 250-51)) Recognizing that the nurse practitioner is not a physician, and thus is not an "acceptable medical source" whose opinion is entitled to controlling weight under 20 C.F.R. § 416.913(a), Judge Pitman nonetheless concluded that – given the "lengthy treatment relationship" – the ALJ was required to explain his reasons for rejecting the N.P.'s opinion. (Id. at 33, 36) Judge Pitman also concluded that the ALJ had not explained in any fashion why he gave "great weight" to the consulting physician opinions, and in particular had not conducted the analysis of these opinions required by 20 C.F.R. § 416.927(d). (Id. at 38-39)

Having reviewed Judge Pitman's detailed, careful, and well-reasoned R & R, this Court is satisfied that "there is no clear error on the face of the record." Nelson, 618 F. Supp. at 1189 (citations omitted). Accordingly, this Court hereby adopts Judge Pitman's R & R in its entirety, and, for the reasons stated therein, remands this matter to the Commissioner of Social Security for further proceedings consistent with the R & R. The Clerk of the Court is respectfully directed to terminate the motions (Dkt. Nos. 10, 14) and to close this case.

Dated: New York, New York  
      March 9, 2015

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge